Mr. Justice Clayton
delivered the opinion of the court.
This was an action of ejectment in the circuit court of Leake county. Both parties claimed by purchases under execution sales against the same defendant. The judgment under which the lessor of the plaintiff claimed was the oldest; but in that case the defendant whose land was sold was only indorser. The affidavit required in such case by the statute, to authorize a levy upon the property of the indorser, though made before the levy and delivered to the sheriff, was not filed with the papers in the cause until after the sale. Hutch. Code, 853.
The court, at the instance of the defendant, charged the jury, 1st. That if no affidavit that the principal debtor had not any property in the state, were made and filed among the papers in the cause, before the levy and the sale of the lot, then that the sale was void. 2d. That the defendant, Pritchard, being in possession of the lot, had a right to keep the possession against every person who had not a good and sufficient legal title to it. 3d. Proof that Koher, the defendant in the execution, was in possession previous to the possession of Pritchard, does not constitute such title as would enable the plaintiff claiming under Koher to recover from Pritchard. These instructions involve the controversy.
It has been decided by this court, that mere irregularities on the part of the sheriff in the sale of real estate, will not vitiate the title of a dona fide purchaser, as such sale is not the exercise of a mere naked statutory power. City of Natchez v. Minor, 10 S. & M. 246. Although the statute which requires affidavit to be made and filed among the papers in the cause, before a levy is made on the property of the surety, was not literally, it was substantially complied with. The object is to protect the surety or indorser, and to restrain the sheriff from proceeding against them until he is furnished with proof that the principal *336 has no estate subject to the execution. That object may be as well attained by the delivery of the affidavit to the sheriff, as by filing it with the papers, and we do not think the sale should be set aside, because it was delivered to the sheriff instead of the clerk. The affidavit was made, but the sheriff kept it for his own protection, instead of filing it with the papers, until after the sale. Without undertaking to decide whether the sale would have been void, if no affidavit had been made, it is enough to say that in this instance the law has met with a substantial compliance. If the sale were thus authorized by law, it is not material who became the purchaser.
The second charge, although correct as a general proposition, is yet subject to an exception, which should have been explained to the jury. The plaintiff in ejectment can only recover upon the strength of his own title, as being good against the world, or as being good against the defendant by estoppel. Clark v. Diggs, 6 Iredell, 159.
In England, when an ejectment is brought by a tenant by elegit, and the debtor is himself in possession of the land, the only evidence necessary is an examined copy of the judgment roll, containing the award of the elegit and return of the inquisition. But if the possession be in a third person, the lessor must either show that such third person came into possession under the debtor, and that his right to possession has ceased, or should the party in possession hold adversely to the debtor, be prepared with evidence of the debtor’s title. Adams on Ejectments, 302. This rule has been long followed in this country, and as against the defendant in the execution, the purchaser need not show the title of the defendant. If the debtor acquire an adverse title subsequent to the sale, that is matter'of proof to be made out in the defence. Robinson v. Parker, 3 S. & M. 118; Duncan v. Duncan, 3 Ired. 318; Jackson v. Jones, 9 Cow. 192.
The defendant in this suit introduced the judgment under which he purchased, and the marshal’s deed, thus showing that he came into possession under the debtor. As between these parties, therefore, in the present attitude of the case, the defendant, Pritchard, setting up no title except that of Koher, the lessor *337 of the plaintiff was not required to prove the nature or quality of the debtor’s title.
The third charge falls within the reasoning applicable to the second, and does not call for any further remark.
The judgment is reversed, and new trial granted.